IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-25-314 |
| | * | |
| JOHN ROBERT BOLTON, II, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | ****** | |

## CONSENT MOTION TO TOLL SPEEDY TRIAL

The United States, through undersigned counsel, and with consent of counsel for the defendant, respectfully requests that the Court toll the Speedy Trial clock for the period between and including October 17, 2025, and November 21, 2025, the current date of the status conference scheduled in this matter. In support thereof, the government states:

### Background

1. On October 16, 2025, a federal grand jury returned an eighteen-count Indictment against the Defendant, charging him with eight counts of Transmission of National Defense Information (18 U.S.C. § 793(d)), and ten counts of Retention of National Defense Information (18 U.S.C. § 793(e)). ECF 1. The national defense information at issue in this case is classified and subject to certain protective measures as codified in the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"). The Transmission Counts are alleged to have occurred between September 23, 2018, and September 15, 2019. *Id*. ¶ 68. The Retention Counts are alleged to have occurred on or about and between April 9, 2018 and August 22, 2025. *Id*. ¶ 70.

2. On October 17, 2025, Defendant had his initial appearance and arraignment in the District of Maryland. Defendant was released on his own recognizance. ECF 9.

3. This first request by the parties seeking an exclusion of time from the Speedy Trial Act clock is requested to allow the parties to review and evaluate discovery, and coordinate the review of classified discovery by Defendant's counsel and support staff. The requested exclusion of time is in the interests of justice to provide this time period for the evaluation of discovery and for the parties to explore a pre-trial resolution, and those interests outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7) (the Court may grant a continuance of a speedy trial when the ends of justice served by such action outweigh the best interest of the public and the defendant in a speedy trial).

4. The discovery in this case will be voluminous, in the form of numerous electronic accounts, and the contents of electronic devices, including cellular phones and computer hard drives. Further, given the nature of the charges, there will be a significant amount of classified discovery that must be reviewed by counsel with the requisite security clearances, in a secure location, such as a Sensitive Compartmented Information Facility. The Department of Justice has confirmed that Mr. Lowell has a security clearance. We have also started the process of obtaining security clearances for Mr. Lowell's defense team. As of the date of this filing, two of Mr. Lowell's co-counsel have received interim Top Secret security clearances, and the clearance process for a paralegal with Mr. Lowell's firm is in process.[1] The process will require additional read-ins for counsel and staff to be able to review compartmented classified information. That information must be reviewed and processed within designated secure areas. Defense counsel cannot meaningfully prepare for trial until the review of unclassified discovery is complete, along with

---

[1] Based on the nature of the classified information involved in this case, all of Mr. Lowell's team, including Mr. Lowell, will need numerous additional read-ins for classified information that is further subcompartmented at the Top Secret level. That process is underway as well.

the opportunity for cleared counsel to review and analyze the classified information that is the subject of the current indictment.

5. In light of the complexity of the case, the relatively large amount of discovery, the logistical issues posed by the significant amount of classified discovery in this matter, and the necessary litigation under CIPA,[2] it is clear that the 70 days contemplated by the Speedy Trial Act for discovery, pre-trial motions, and trial preparation will be inadequate.

6. For the foregoing reasons, the government requests that the Court find that the interests of justice require a reasonable period of time to be excluded from the Speedy Trial clock pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B) because it is in the interests of justice for defense counsel to have a period of time to receive and study the unclassified discovery (and review classified discovery in a secure location) in this complex case. It is in the interests of justice for the parties to have beyond 70 days to review discovery, and prepare the case for trial.

7. Counsel for the defendant, Abbe Lowell, Esq., has reviewed this filing, and consents to tolling of the Speedy Trial clock from October 17, 2025, to November 21, 2025. A Proposed Order is provided.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

/s/
Thomas M. Sullivan
Robert Goldaris
Assistant United States Attorneys
6500 Cherrywood Lane, Suite 200

---

[2] The Government will file a motion under Section 2 of CIPA seeking to appoint a Classified Information Security Officer, and subsequently a motion under Section 3 of CIPA requesting the entry of a protective order and a Memorandum of Understanding Regarding Receipt of Classified Information.

Greenbelt, Maryland 20770
Phone: (301) 344-4433
Fax: (301) 344-4516

S. Derek Shugert
Tanner Kroeger
Trial Attorneys
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530