IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN ROBERT BOLTON, II,<br><br>Defendant. | No. 8:25-cr-314-TDC |

**DEFENDANT JOHN R. BOLTON II'S RESPONSE TO GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE AND OTHER CLASSIFIED INFORMATION PROCEDURE ACT (CIPA) RELIEF**

Defendant John R. Bolton, II ("Ambassador Bolton") submits this response to the Government's Motion and Memorandum In Support of Motion For Pretrial Conference and Appointment of Classified Information Security Officer. D.E. 26 ("Gov't Br.").

Ambassador Bolton has no disagreement with the Government's general overview of CIPA Sections 1 – 10, and concurs that the currently scheduled November 21, 2025 Status Conference can include some discussion on CIPA procedures as outlined.[1] The status of defense counsel's security clearances and the logistics of receiving classified information may inform how much can be discussed on that date. This response, however, sets out some of the defense's view of the application of the CIPA provisions to ensure and protect Ambassador Bolton's right to prepare for a full and fair defense. The Government properly quotes the relevant CIPA and discovery standards.

---

[1] The parties have begun to exchange the provision of a CIPA Section 3 Protective Order, and will advise the Court of any disagreements if needed.

1

### I. CIPA's Disclosure Standard

Under the "relevant and helpful to the defense ... *or* is essential to a fair determination of a cause" standard in the CIPA context—which the Fourth Circuit has adopted, *see* Gov't Br. at 4 (citing *United States v. Moussaoui*, 382 F.3d 453, 471–72 (4th Cir. 2004)); *see also United States v. Rosen*, 520 F. Supp. 2d 786, 801 (E.D. Va. 2007)—classified information meets the standard for disclosure "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). The Government suggests that "CIPA does not 'expand the traditional rules of criminal discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense.'" Gov't Br. at 4 (citing cases). But to be helpful or material to the defense under CIPA, classified or privileged "evidence *need not rise* to the level that would trigger the Government's obligation under *Brady v. Maryland* [] to disclose exculpatory information." *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008) (citation omitted) (emphasis added). "'[I]nformation can be helpful without being 'favorable' in the *Brady* sense.'" *Id.* (quoting *United States v. Mejia*, 448 F.3d 436, 457 (D.C. Cir. 2006)). And, whether evidence is "helpful" or "material to the defense" is within the district court's discretion. *Aref*, 533 F.3d at 80 (2d Cir. 2008).

If the information is relevant or material to the defense, then the court must balance "defendant's need for the information or its value to the defendant" and "possible damage to the government's security interests from disclosure." *United States v. Schulte*, 2019 WL 3764662, at *3 (S.D.N.Y. July 22, 2019); *see also United States v. Fernandez*, 913 F.2d 148, 154 (4th Cir. 1990). In this regard, Fourth Circuit precedent directs that courts balance the "public interest in

2

nondisclosure against the defendant's right to prepare a defense." *Fernandez*, 913 F.2d at 154 (quoting *United States v. Smith*, 780 F.2d 1102, 1107 (4th Cir. 1985)).

This Court has engaged in that very balancing, and determined disclosure is warranted in those instances where it is necessary and helpful to the accused's defense in Espionage Act prosecutions. In *United States v. Mallory*, where a defendant (former CIA) was indicted for delivering and attempting to deliver national defense information to aid a foreign government, this Court concluded the public interest in nondisclosure had been overcome, and certain classified information must be disclosed because such information was relevant and helpful to defendant's defense in an Espionage Act prosecution. 572 F. Supp. 3d 225, 231–34 (E.D. Va. 2020), *aff'd*, 40 F.4th 166 (4th Cir. 2022). In doing so, the Court authorized certain information— (i) defendant's previous work with CIA and his attempts to contact CIA to disclose possible recruitment by foreign intelligence officer; (ii) the fact that defendant possessed certain communications was relevant and helpful to defendant's defense; (iii) a report documenting an investigation into defendant's prior alleged mishandling of classified information; and (iv) defendant's testimony, in general terms, about his training and experience in the intelligence community and about the fact that he possessed more highly sensitive information which he could have passed to a foreign intelligence officer—need be disclosed because it was relevant and helpful to defendant's defense, including his proposed intent defense. *Id.*

The Court in *Mallory* concluded by affirming, "[g]iven that some of the classified information noticed by the defendant is both relevant and helpful to the defense, it is necessary to determine whether a substitution or summary of the noticed classified information 'will give the defendant substantially the same ability to make his defense as would the disclosure of the classified information.'" *Id.* at 233–34 (E.D. Va. 2020) (quoting *Smith*, 780 F.2d at 1105).

3

In light of the complex classified information and discovery at play in this case, Ambassador Bolton respectfully requests the same treatment with respect to his opportunity to prepare for and present a full and fair defense of the charges against him in this case.

## II. CIPA's Standard for Substitutions or Summaries of Classified Information

Under CIPA's procedures, the adequacy of substitutions of classified information is governed by the standard that they must provide the defendant with "substantially the same ability to make his defense as would disclosure of the specific classified information." *See United States v. Fernandez*, 913 F.2d 148, 151 (4th Cir. 1990) (quoting 18 U.S.C. App. III § 6(c)(1)). Courts have emphasized that substitutions of classified information must ensure fairness and neutrality. While the government must safeguard classified information in the interest of national security, "courts must not be remiss in protecting a defendant's right to a full and meaningful presentation of his claim to innocence." *Fernandez*, 913 F.2d at 154. For example, the legislative history clarifies that substitutions may result in "insignificant tactical disadvantages" but *must not* impair the defendant's ability to present their case effectively. *United States v. Alahmedalabdaloklah*, 94 F.4th 782, 811 (9th Cir. 2024) (quoting H.R. Rep. No. 96-1436, at 12–13 (1980) (Conf. Rep.)).

Courts have consistently held that any substitutions must be evenhanded, neutral, and complete. *United States v. Sedaghaty*, 728 F.3d 885, 906 (9th Cir. 2013) (CIPA summaries should be "evenhanded, worded in a neutral fashion and not tilted or shaded to the government's advantage," citing S.Rep. No. 96–823 at 9 (1980)). The Fourth Circuit, in *Fernandez*, underscored the importance of ensuring that substitutions provide a defendant with substantially the same ability to make their defense, recognizing the critical role substitutions play in the CIPA framework. 913 F.2d at 158–59 (finding the government's substitutions failed to "provide the defendant with substantially the same ability to make his defense as would disclosure of the

4

specific classified information."). Similarly, courts have emphasized that any summaries must not exclude non-cumulative exculpatory information, fail to provide crucial context, or use slanted wording. Substitutions that are incomplete or biased are deemed inadequate. *See, e.g.*, *Sedaghaty*, 728 F.3d at 906.

Nevertheless, the fundamental purpose of a substitution under CIPA is "to place the defendant, as nearly as possible, in the position he would be in if the classified information . . . were available to him." *United States v. Moussaoui*, 382 F.3d 453, 477 (4th Cir. 2004); *see also United States v. Rezaq*, 134 F.3d 1121, 1143 (D.C. Cir. 1998) (approving substitutions where "[n]o information was omitted from [them] that might have been helpful to [the] defense, and the discoverable documents had no unclassified features that might have been disclosed").

These issues will be addressed more precisely and in more detail once discovery has been provided and reviewed, and when the provisions of CIPA are invoked. At this early stage, given the Government's filing, the defense wishes to begin to address these important issues with the Court to allow defense counsel the ability to fulfill their obligation to provide effective assistance of counsel and to provide Ambassador Bolton with his rights to a fair trial.

Dated: November 5, 2025                Respectfully submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell (#11863)
David A. Kolansky (*admitted pro hac vice*)
Isabella M. Oishi (*admitted pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: 202-964-6110
Fax: 202-964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

*Attorneys for John Robert Bolton, II*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to Local Rule 102(c), a copy of the foregoing was electronically filed on November 5, 2025, with notice to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell