UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. 25-0314-TDC |
| | * |
| JOHN ROBERT BOLTON, II, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*

**ORDER**

Upon consideration of the parties' Consent Motion to Toll Speedy Trial, it is this 24 day of November, 2025, hereby

**ORDERED** that, having considered the grounds advanced in the Government's Consent Motion to Toll Speedy Trial, and good cause having been shown in support of the relief requested by this motion, the Court hereby makes the following findings of fact:

1. The Court finds that the ends of justice served by granting the requested continuance in this matter outweigh the best interest of the public and the Defendant in a speedy trial, inasmuch as the parties need a longer period than is normally afforded under the federal Speedy Trial Act for review of the pertinent records, classified discovery process under the Classified Information Procedures Act, and pre-trial and trial preparations.

2. The Court further finds that this case is sufficiently complex, as set forth in Title 18, United States Code, Section 3161(h)(7)(B)(ii), that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits ordinarily established by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). This case is unusual and complex owing to the nature of the prosecution, which involves allegations of mishandling classified information, criminal conduct that occurred over a period from approximately April 2018 to August 2025, involving the transmission and retention of classified national defense information.

The eighteen counts of the indictment make reference to documents that contain national defense information. The national defense information at issue in this case is classified and subject to certain protective measures as codified in the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"). This information will need to be reviewed by cleared defense counsel, in a secure location, such as a Sensitive Compartmented Information Facility. The pretrial litigation in this matter will also include proceedings under CIPA. As such, trial within 70 days would deny counsel for Defendant the reasonable time necessary for effective preparation. Therefore, the ends of justice served by such a delay outweigh the interests of Defendant and the public in a speedy trial, thereby satisfying the requirements of 18 U.S.C. § 3161(h)(7).

3. The Court further finds that time needed for counsel to engage in plea negotiations qualifies as a proceeding concerning the Defendant pursuant to 18 U.S.C. § 3161(h)(1), thereby providing an additional basis for time to be excluded under the Speedy Trial Act.

Accordingly, it is further

**ORDERED** that pursuant to 18 U.S.C. § 3161(h), the requested consent motion is **GRANTED**; and it is further

**ORDERED** the time from **November 21, 2025, through and including October 5, 2026**, shall be excluded from calculations of the amount of time that has expired under the Speedy Trial Act, 18 U.S.C. § 3161, in this case.

THEODORE D. CHUANG
United States District Judge